## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

RABBINICAL COUNCIL OF
MASSACHUSETTS a/k/a KVH KOSHER,

        *Plaintiff*,

v.

INTERNATIONAL FOOD PRODUCTS, INC.
d/b/a SABRA FOODS,

        *Defendant*.

Civil Action No.:

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Rabbinical Council of Massachusetts a/k/a KVH Kosher ("**Plaintiff**" or

"**KVH**"), by and through their undersigned counsel, as and for their Complaint for damages and

injunctive relief (the "**Complaint**") against defendant International Food Products, Inc. d/b/a

Sabra Foods ("**Defendant**" or "**Sabra**") respectfully allege as follows:

## PARTIES

1.      Rabbinical Council of Massachusetts a/k/a KVH Kosher is a Massachusetts

unincorporated non-profit association, with its principal place of business located at 665 Beacon

Street, Suite 202, Boston, Massachusetts 02215.

2.      International Food Products, Inc. d/b/a Sabra Foods is a Massachusetts

corporation, registered to do business in the State of Massachusetts, with its principal place of

business located at 422B Walpole St. P.O Box 222, Norwood, MA 02062.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331 because

Plaintiffs have stated claims under, *inter alia*, the Lanham Act, 28 U.S.C § 1125, and jurisdiction

over the state law claims pursuant to 28 U.S.C. § 1367.

4.      The Court has personal jurisdiction over Defendant Sabra because, among other reasons, it has a principal place of business in this district and regularly conducts its business in this district.

5.      Venue is proper in the United States District Court for the District of Massachusetts because Norwood, Massachusetts is Defendant's principal place of business.

6.      Primarily and substantially the alleged causes of action arose and accrued in Norwood, Massachusetts, and the center of gravity for primarily and substantially all relevant events alleged in this complaint is predominately located in Norwood, Massachusetts.

## FACTUAL BACKGROUND

7.      KVH Kosher is one of the oldest kosher certifying organizations in North America that provides trusted kosher product certification that is recognized throughout the world. In Hebrew, the word "kosher" means fit or proper, and is used to describe certain food items thar are prepared in accordance with special Jewish dietary laws. The market for kosher foods is vast and reaches beyond those who are of the Jewish faith. Many Seventh-day Adventists, vegetarians, vegans, those that are lactose-intolerant, and health-conscious consumers consume kosher foods due to the higher standard of qualify and stringent ingredient control under which they are produced and manufactured.

8.      For foods to be considered kosher, all of the ingredients and sub-units in a food product must conform to the Jewish dietary laws. If even one non-kosher ingredient is used in a food product, that can render the entire product unsuitable. Additionally, foods have to be processed on kosher equipment in order for the food items to be declared kosher. Pronouncing certain food products as kosher involves a meticulous examination of the products themselves to

determine whether each of the individual ingredients, and all of the products and processes related to the food preparation meet the very strict standards and highest level of quality demanded by kosher laws.

9.      Consumer and other purchasers are generally unable to determine whether food products are kosher by simply reading the ingredient panels on the labels of the food products. Food products can contain ingredients that may be considered kosher or non-kosher depending on the source of supply. Glycerins can be either of animal or vegetable origins; vegetable-based glycerins are generally considered kosher, while the animal-based glycerins are generally not considered kosher. Many ingredients contain subunits that are not detailed on the ingredient panels. As an example, flavors are composed of scores of ingredients, but only the word "flavor" may appear on the ingredient label. Furthermore, consumers or other purchasers cannot easily determine whether a product was produced on equipment that is either kosher or non-kosher.

10.     Due to the complexity of kosher laws, and the inability of consumers and other purchasers to determine whether a food product is kosher, consumers and other purchasers rely upon the certification of agencies like KVH Kosher, which provide kosher supervision and guidance.

11.     KVH Kosher and its parent organization, The Rabbinical Council of Massachusetts, own United States Patent and Trademark Office Registration Number 1160488 (the "**Mark**"). Through KVH, the Rabbinical Council inspects food facilities and licenses the use of its trademark to kosher qualified food products. A true and accurate copy of the United States Patent and Trademark Office Certification for the KVH Mark is attached hereto as **Exhibit A**.

12.     Sabra was previously a licensee of the Mark. However, on March 16, 2016, KVH issued a cease-and-desist letter, demanding that Sabra cease the use of its trademark on its food

products by April 30, 2016.

13.     A cease-and-desist letter was issued to Sabra because of Sabra's persistent inability to comply with the terms and conditions of their license, for non-payment of fees, for adding new ingredients to their products without informing KVH, and for failing to take corrective actions in a timely manner as required by KVH.

14.     Despite receiving KVH's cease-and-desist letter, Sabra continues to utilize KVH's Mark on at least one KVH product without authorization or license from KVH. After receiving the cease-and-desist letter, it was brought to KVH's attention that Sabra was utilizing KVH's certification trademark on at least one product without authorization or license from KVH. A photograph of Sabra's homus product bearing the Mark is attached hereto as **Exhibit B**.

15.     After discovering Sabra's continued unauthorized use of the Mark, KVH provided written notice to Sabra of its continued violation of both federal and state laws on May 31, 2022, and demanded Sabra immediately cease-and-desist.

16.     At no time since KVH was informed about the unauthorized use of the KVH Mark by Sabra, has Sabra Foods been granted permission to continue to utilize the KVH Mark on their products.

17.     To date, Sabra continues to utilize KVH's Mark on Sabra products without authorization and in violation of both federal and Massachusetts law.

18.     Sabra's continued unauthorized use of the KVH Mark misleads the kosher consuming community into believing Sabra's product(s) have been reviewed and certified as kosher by KVH, which has caused and will continue to cause significant damage and irreparable harm to KVH and potentially the kosher consuming community.

## FIRST CAUSE OF ACTION

**(Violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c): Dilution of Famous Mark)**

19.     Plaintiff hereby repeat and allege each and every allegation set forth in the preceding paragraph as if fully set forth hereon.

20.     KVH's Mark is a famous mark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), in that the Mark is distinctive, has been used for many years throughout the world and is widely recognized therein, has been widely advertised and publicized, and the KVH Mark has not been used by any person or entity other than KVH or its Parent Company.

21.     Defendant began using the mark in a manner that caused and continues to cause dilution of the distinctive quality of the Mark.

22.     Consumers have purchased Defendant's products that bear the KVH Mark with the mistaken belief that such products were kosher and certified by KVH. These consumers are likely to no longer trust the KVH Mark and may cease to trust the Mark as evidence that products have been properly certified as kosher by KVH in strict compliance with the Jewish dietary laws.

23.     Defendant's conduct has caused substantial injury to KVH, as well as to those kosher and non-kosher consumers who consumed and will continue to consume Defendant's homus products mistakenly believing that the product is and was under the supervision of KVH.

**SECOND CAUSE OF ACTION**

**(Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a): False Designation of Origin)**

24.     Plaintiff hereby repeat and reallege each and every allegation set forth in the preceding paragraphs as if set forth fully herein.

25.     The provisions of the Lanham Act, 215 U.S.C. §1125, *et seq*. apply to Defendant,

and protect Plaintiff from the conduct described hereon.

26.     Defendant's unauthorized use in commerce of KVH's Mark in connection with the production, sale, offering for sale, distribution, and/or advertising of products constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which has caused and is likely to cause confusion, or to cause mistake, or to cause deception as to the affiliation, connection or association of Defendants with KVH Mark, or as to the origin, sponsorship or approval by KVH Mark of its products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27.     Defendants unauthorized use in commerce of the KVH Mark in connection with the production, sale, offering for sale, distribution, and/or advertising of products constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact which misrepresents the nature, characteristics, or qualities of its products, in further violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Upon information and belief, these false designations, descriptions and representations were made by Defendants with knowledge of their falseness, and no appropriate corrective action has been initiated by Defendants to remedy the infringement or to deal with the infringing products that have been placed in commerce that has been brought to Defendant's attention. Defendant's continued false designation, description and representation (including the display of the KVH Mark on their products labels) have been made by Defendants deliberately.

28.     Defendant's conduct has caused substantial injury to KVH, as well as to those kosher and non-kosher consumers who consumed and will continue to consumer Defendant's homus products mistakenly believe that those homus products are and were kosher under the supervision of KVH.

## THIRD CAUSE OF ACTION

**(Violation of Mass. Gen. Laws ch. 94 § 156: Kosher food; labeling, sale and display: civil penalties)**

29.     Plaintiff hereby repeat and allege each and every allegation set forth in the preceding paragraph as if fully set forth hereon.

30.     Within Massachusetts, Sabra has misused KVH's Mark on one or more of their food products.

31.     Sabra knowingly falsely represented one or more of their food products to be kosher by using KVH's Mark to misrepresent its consumers and purchasers. Sabra has put KVH's Mark on their products, with the knowledge that KVH has revoked Sabra's license on April 30, 2016.

32.     By using KVH's Mark on their products, Sabra knowingly displayed and/or advertised to consumers and/or purchasers that Sabra's products are either kosher, kosher for Passover or pareve, or prepared in accordance with orthodox Jewish religious standards.

33.     KVH's Mark on Sabra's products caused a reasonable consumer to believe the products sold by Sabra with KVH's mark are kosher, kosher for Passover or pareve, or prepared in accordance with orthodox Jewish religious standards.

34.     Sabra's infringing and deceitful acts have caused and continue to cause substantial and irreparable injury to kosher and non-kosher food consumers, who unknowingly purchased their products that had not been certified as kosher by KVH, believing those products to be so certified, resulting in potential violations of those consumers' religious and/or dietary beliefs, as well as their personal dietary choices. Additionally, the consumption of food products from Sabra could have large health ramifications for consumers who eat kosher foods due to health reasons.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests Judgment in their favor and against Defendant as follows:

(a) For actual damages, in an amount to be determined at trial, relating to Plaintiff's first through third causes of action;

(b) Issue an order pursuant to 15 U.S.C. § 1116 permanently enjoining the Defendant from any and all unauthorized uses of the KVH Mark, and further direct Defendant to take immediate corrective actions to remove the offending products from the marketplace and from their website, therefore remedying the continuous infringement of the KVH Mark and in furtherance of preventing deception of the kosher consumer public;

(c) Order Defendant to provide an accounting to KVH including any and all details regarding production, inventory, distribution, sale and profits gained from their sale of products bearing the unauthorized KVH Mark;

(d) Order that all labels, signs, packages, wrappers, receptacles, and advertisements in the possession of Defendant, bearing the KVH Mark, be delivered up and destroyed pursuant to 15 U.S.C. § 1118.

(e) Mass Gen. Laws ch. 94 § 156(h) provides for each violation to "be punishable by a civil penalty or fine of not less than five hundred dollars and not more than two thousand dollars." Therefore, KVH asks the court to award KVH as appropriate;

(f) For all costs and attorneys' fees incurred by Plaintiff in the prosecution of this action pursuant to the Lanham Act, 15 U.S.C. § 1117 and Massachusetts law;

(g) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

KVH Kosher respectfully requests trial by jury on all claims so triable.


Dated: September 7, 2022,                                    Respectfully submitted

                                                By:      */s/ Courtney Bradley*
                                                         Courtney Bradley
                                                         State Bar No. 708175
                                                         **JASON FOSCOLO, PLLC**
                                                         E-mail: courtney@diefenachgroup.com
                                                         E-mail: john@foodlawfirm.com
                                                         539 W. Commerce St., Suite 205
                                                         Dallas, TX 75208
                                                         Telephone: (508) 395-6797
                                                         Facsimile: (469) 284-0865