UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RABBINICAL COUNCIL OF
MASSACHUSETTS a/k/a KVH KOSHER,

    *Plaintiff*,

v.

INTERNATIONAL FOOD PRODUCTS, INC.
d/b/a SABRA FOODS,

    *Defendant*.

Civil Action No. 22-CV-11460-AK

## <u>JUDGMENT CREDITOR'S MOTION FOR ISSUANCE OF EXECUTION</u>

Pursuant to Federal Rule of Civil Procedure 69(a)(1) and M.G.L. c. 235, § 19, Judgment Creditor Rabbinical Council of Massachusetts a/k/a KVH Kosher ("**KVH**") respectfully moves this Court for an order authorizing the Clerk to issue a writ of execution on the Default Judgment entered against International Food Products, Inc. d/b/a Sabra Foods ("**Judgment Debtor**") on October 27, 2023 (Dkt. 25). This Motion is supported by the contemporaneously filed Declaration of Courtney M. Bradley ("**Bradley Decl**."). In support, KVH states as follows:

## <u>BACKGROUND</u>

1. On October 24, 2023, the Court entered a Memorandum and Order granting KVH's Motion for Default Judgment, enjoining Judgment Debtor from any unauthorized use of the KVH Mark and ordering Judgment Debtor to pay damages totaling $593,829.67. (Dkt. 23.)

2. The Court entered Default Judgment in favor of KVH and against Judgment Debtor on October 27, 2023. (Dkt. 25.)

3. No appeal was taken from the Judgment, and the time for appeal has long expired. The Judgment is final.

4.      The Judgment remains wholly unsatisfied. Judgment Debtor has paid no portion of the $593,829.67 awarded, and post-judgment interest continues to accrue under 28 U.S.C. § 1961. (*See* Bradley Decl. ¶¶ 4–5.)

5.      No execution has previously issued on the Judgment. (See Bradley Decl. ¶ 6.)

### ARGUMENT & AUTHORITIES

6.      Under Federal Rule of Civil Procedure 69(a)(1), the procedure for execution on a money judgment "must accord with the procedure of the state where the court is located"—here, Massachusetts.

7.      M.G.L. c. 235, § 17 provides that "[a]n original execution shall not issue after the expiration of one year after the party is first entitled to take it out." Once that one-year period has lapsed, the Clerk may not issue an execution ministerially.

8.      M.G.L. c. 235, § 19 supplies the remedy. It provides that if a judgment "remains unsatisfied after the expiration of the time for taking out execution thereon, the creditor may obtain a new execution by motion to the court in which such unsatisfied judgment was rendered." See *First Nat'l Bank of Boston v. Bernier*, 50 Mass. App. Ct. 756, 757–61 (2001) (distinguishing § 17 ministerial issuance from § 19 motion practice and confirming availability of § 19 relief on unsatisfied judgments more than one year old where no original execution has issued).

9.      Each predicate for relief under M.G.L. c. 235, § 19 is satisfied:

   a.   The Judgment is final and remains wholly unsatisfied;

   b.   More than one year has elapsed since entry of Judgment on October 27, 2023, foreclosing ministerial issuance under M.G.L. c. 235, § 17; and

   c.   No original execution has previously issued on the Judgment.

10.    Judgment Debtor has been afforded notice of this Motion and an opportunity to be heard. (*See* Certificate of Service.) Cf. *Bernier*, 50 Mass. App. Ct. at 761 (remanding where motion under § 19 was summarily allowed without affording the debtor an opportunity to be heard).

11.    Pursuant to Local Rule 7.1(a)(2), no conference was held because Judgment Debtor is in default and has not appeared through counsel in this action.

### CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Rabbinical Council of Massachusetts a/k/a KVH Kosher respectfully requests that the Court enter an order:

a. Granting KVH leave under M.G.L. c. 235, § 19 to obtain a writ of execution against Judgment Debtor on the Judgment entered October 27, 2023, in the principal amount of $593,829.67, together with post-judgment interest from October 27, 2023, at the rate prescribed by 28 U.S.C. § 1961 (5.44% per annum), plus costs of execution; and

b. Directing the Clerk to issue the writ of execution upon presentation by KVH in the form required by the Court.

Dated: May 14, 2026

Respectfully submitted,

**RABBINICAL COUNCIL OF
MASSACHUSETTS
a/k/a KVH KOSHER**

By: /s/ Courtney M. Bradley
State Bar No. 708175
**FOSCOLO & DIEFENBACH PLLC**
Email: courtney@foodlawfirm.com
Email: john@foodlawfirm.com
539 W. Commerce St., Suite 205
Dallas, Texas 75208

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a true and correct copy of the foregoing Motion for Issuance of Execution, together with the supporting documents filed herewith, was served upon Judgment Debtor International Food Products, Inc. d/b/a Sabra Foods at its last known address, 454 High Plain Street, Walpole, MA 02081 by certified mail and was filed via the CM/ECF system, which will send notice to all counsel of record.

Dated: May 14, 2026

/s/ Courtney Bradley
Courtney Bradley